IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : <br> : <br> : <br> : |
| Plaintiff, | : Civil Action No. 3:13-cv-447 |
| v. | : <br> : <br> : |
| BANK OF AMERICA, N.A., BANC OF AMERICA MORTGAGE SECURITIES, INC., and MERRILL LYNCH, PIERCE, FENNER & SMITH INC. f/k/a BANC OF AMERICA SECURITIES LLC, | : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : <br> : |

**FINAL JUDGMENT AS TO MERRILL LYNCH, PIERCE, FENNER & SMITH INC.
f/k/a BANC OF AMERICA SECURITIES LLC**

The Securities and Exchange Commission having filed a Complaint and Defendant Merrill Lynch, Pierce, Fenner & Smith Inc. f/k/a Banc of America Securities LLC having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a)(2) and (a)(3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77q(a)(2) & (a)(3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(b) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5(b)(1) of the Securities Act [15 U.S.C. § 77e(b)(1)] by, directly or indirectly, in the absence of any applicable exemption, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to carry or transmit any prospectus relating to any security

2

Case 3:13-cv-00447-MOC-DSC   Document 51   Filed 11/25/14   Page 2 of 4

with respect to which a registration statement has been filed under 15 U.S.C. §§ 77a, *et seq*., unless such prospectus meets the requirements of 15 U.S.C. § 77j.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is jointly and severally liable together with defendants Banc of America Mortgage Securities, Inc. and Bank of America, N.A., for disgorgement of $109,220,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $6,620,000, and a civil penalty in the amount of $109,220,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. Defendant's foregoing obligations for disgorgement, prejudgment interest, and a civil penalty shall be deemed satisfied in full by the payment of Bank of America Corp. to the United States Department of Justice in accordance with the terms of the agreement dated August 20, 2014 among Bank of America Corp., the United States Department of Justice, and certain States. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Signed: November 25, 2014

Max O. Cogburn Jr.
United States District Judge